[Cite as *State v. May*, 2019-Ohio-4513.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-01-004 |
| - vs - | : | O P I N I O N<br>11/4/2019 |
| | : | |
| THOMAS MAY, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 17CR33490

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

Kidd & Urling LLC, Thomas W. Kidd, Jr., 8913 Cincinnati-Dayton Road, West Chester, Ohio 45069, for appellant

**PIPER, J.**

{¶ 1}  Appellant, Thomas May, appeals his conviction in the Warren County Court of Common Pleas for illegal conveyance of drugs into a prison.

{¶ 2}  Kiara Dehostos and May were engaged to be married when she and two children visited May at the Lebanon Correctional Institution ("the prison").  A corrections officer observed Kiara and the children walking through the prison parking lot, and saw Kiara

place her hand up her dress near her buttocks. The corrections officer then informed the investigator on duty of Kiara's suspicious activity. The investigator had a female prison employee accompany Kiara to the ladies' restroom where she retrieved the package Kiara had placed under her dress. The package contained 32 suboxone strips, a Schedule III drug.

{¶ 3} As part of the investigation, prison officials discovered that Kiara was scheduled to visit only May that day. Officials later reviewed messages sent electronically by May to Kiara in which he apologized for having her bring drugs to the prison. In a different letter, May lamented having Kiara bring drugs to the prison and called his request a "bad decision, once again made by myself," that resulted in derailing his plans to be released from prison.

{¶ 4} May was indicted on a single charge of illegal conveyance of drugs into the prison. May pled not guilty and the matter proceeded to a jury trial. By the time the trial occurred, May and Kiara had married. The jury found May guilty, and the trial court sentenced him to 18 months. May now appeals his conviction, raising the following assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED IN ADMITTING A STATEMENT MADE BY MR. MAY TO A PROBATION OFFICER PURSUANT TO CRIM. R. 46.

{¶ 7} May argues in his first assignment of error that during trial the court improperly admitted a statement May made during a prior bond proceeding.

{¶ 8} The admissibility of evidence is within the sound discretion of the trial court and the trial court is entitled to our deference in making decisions upon the admissibility of evidence. *State v. Proffitt*, 12th Dist. Butler Nos. CA2016-07-134 and CA2016-07-135, 2017-Ohio-1236, ¶ 41. As such, a trial court's decision admitting evidence will not be reversed absent an abuse of discretion. *Id*. An abuse of discretion is more than an error of law, it

implies that the decision was unreasonable, arbitrary, or unconscionable. *State v. August*, 12th Dist. Warren No. CA2018-12-136, 2019-Ohio-4126, ¶ 21.

{¶ 9} According to Crim.R. 46(F), "statements or admissions of the defendant made at a bail proceeding shall not be received as substantive evidence in the trial of the case."

{¶ 10} An investigative officer with the Warren County Common Pleas Court Probation Department testified that she performs bond investigations, which are requested by the trial court to aid in determining the proper amount of a defendant's bond. During her interview with May, the investigator questioned May and recorded information into an electronic system regarding his biographical information, including that he was married to Kiara and that he had a stepchild with the last name of Dehostos.

{¶ 11} May claims that the trial court erred in overruling his objection because according to Crim.R. 46(F), statements made at a bail proceeding cannot be admitted at trial as substantive evidence.[1] However, the rule requires the statements and admissions be made at a *bail proceeding*, which did not occur here. Instead, the questions elicited from the investigator occurred during an interview conducted as part of a *bond investigation* where the answers were recorded in an electronic form to be later used in creating a report for the trial court.

{¶ 12} Moreover, the information elicited by the investigator was not substantive evidence used during the trial. Rather than incriminating May, the information regarding his marital status or whether he had stepchildren could not aid the state in proving the elements of the charge against May. Rather, the information was simply biographical information collected as part of the court's attempt to set the correct bond amount. As such, the trial

---

1. In this assignment of error, May asks us to reverse the trial court's admission of evidence that he was married to Kiara. However, in his second assignment of error, May asks us to apply the principles of spousal privilege to show why the trial court abused its discretion in another evidentiary matter. May cannot have it both ways.

court did not abuse its discretion in admitting the testimony, and May's first assignment of error is overruled.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE LETTER WRITTEN BY APPELLANT TO KIARA DEHOSTOS (EXHIBIT 10) WAS ADMITTED CONTRARY TO THE SPOUSAL PRIVILEGE.

{¶ 15} May argues in his second assignment of error that the trial court erred in admitting a letter he wrote to Kiara because that letter is protected by spousal privilege.

{¶ 16} R.C. 2945.42 provides in pertinent part, "husband or wife shall not testify concerning a communication made by one to the other, or act done by either in the presence of the other, during coverture, unless the communication was made or act done in the known presence or hearing of a third person * * *."

{¶ 17} According to the plain language of the statute, it "does no more than preclude a spouse from *testifying* to the other spouse's statements." (Emphasis sic.) *State v. Jones*, 135 Ohio St.3d 10, 2012-Ohio-5677, ¶ 122. However, the privilege does not preclude "introduction of the marital communication through other means." *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, ¶ 120.

{¶ 18} The record indicates that the trial court admitted information contained in a letter May wrote to Kiara. However, the letter did not implicate the spousal privilege because the letter was not a form of testimony as required by the statute. Instead, the letter was a different form of communication not covered by the privilege and the record indicates that Kiara was never called as a witness to testify during May's trial. As such, the trial court did not err in admitting the evidence, and May's second assignment of error is overruled.

{¶ 19} Assignment of Error No. 3:

- 4 -

{¶ 20} THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW AND/OR AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE TO SUSTAIN MR. MAY'S CONVICTION.

{¶ 21} May argues in his third assignment of error that his conviction is against the manifest weight and sufficiency of the evidence.

{¶ 22} When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  *State v. Intihar*, 12th Dist. Warren No. CA2015-05-046, 2015-Ohio-5507, ¶ 9.  The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶ 23} A manifest weight of the evidence challenge examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other."  *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14.  To determine whether a conviction is against the manifest weight of the evidence, this court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.  *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34.

{¶ 24} May was convicted of illegal conveyance of drugs into a prison in violation of R.C. 2921.36(A)(2), which prohibits the knowing conveyance of drugs into a prison.  After a

review of the record, we find May's conviction was supported by sufficient evidence and was not against the manifest weight of the evidence.

{¶ 25} The state presented testimony from a prison officer who observed Kiara place something up her dress while she was in the parking lot on the way into the prison. A prison employee escorted Kiara to the restroom and took from her a package Kiara had smuggled into the prison that contained strips. The crime lab later confirmed the strips contained suboxone, which is a Schedule III controlled substance.

{¶ 26} The state also presented evidence that Kiara's only scheduled visit on the day of the incident was with May and that May had sent Kiara money the day before she came to the prison for her scheduled visit with May. May also communicated electronically to Kiara on the day before her visit that she would be getting a call from a "dude," and continued to communicate in code throughout the message.

{¶ 27} May later apologized to Kiara in a letter he wrote her. Within the letter, May wrote, "Damn babe, I'm sick about this. I never should have had you do nothing like this. * * * Kiara, I'm so fucking sorry. For real, you're killing me cuz [sic] it's my fault." In another letter, May also stated that he had made "one bad decision, one again made by myself," that destroyed his plans of being released from prison.

{¶ 28} The evidence, when viewed in a light most favorable to the prosecution, demonstrates the state proved that May illegally conveyed drugs into a prison by arranging it so that Kiara brought drugs into the prison during her visit. The jury did not clearly lose its way in finding May guilty, and his final assignment of error is overruled.

{¶ 29} Judgment affirmed.

RINGLAND, P.J., and S. POWELL, J., concur.